# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Mark Filip | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 170 | **DATE** | 6/2/2004 |
| **CASE TITLE** | SAUBER PAINTING, etc., et al vs. INTNTL' UNION OF PAINTERS, etc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 0 3 2004 | |
| ✓ | Notified counsel by telephone. | | date docketed | 22 |
| | Docketing to mail notices. | | JXM | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| TBK | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN 0 3 2004

SAUBER PAINTING & DECORATING, )
INC., and BOB SAUBER, )
)
      Plaintiffs, ) Case No. 04 C 0170
)
v. ) Judge Mark Filip
)
INTERNATIONAL UNION OF PAINTERS )
AND ALLIED TRADES DISTRICT COUNCIL )
#30, et al., )
)
      Defendants. )

MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION TO STRIKE

Before the Court is the motion of Plaintiff Sauber Painting & Decorating, Inc., and Plaintiff Bob Sauber (collectively, "Plaintiffs") to strike the three affirmative defenses of Defendant International Union of Painters and Allied Trades District Council # 30 and various other officers and leaders of the union (collectively, "Defendants"). Plaintiffs argue that the affirmative defenses do not comply with the pleading requirements of Federal Rule of Civil Procedure 8 ("Rule 8"). In addition, Plaintiffs contend that Counts II through VII of their complaint do not implicate federal labor law, as asserted by affirmative defense one, but rather invoke matters of general state law, such that those counts are not in fact preempted. As explained below, the Court grants Plaintiffs' motion to strike affirmative defense one and denies the motion to strike affirmative defenses two and three.

BACKGROUND

Plaintiff Sauber Painting & Decorating, Inc. ("SP&D") is a commercial and residential painting contractor with its principal place of business in St. Charles, Illinois. (D.E. 1 ¶ 1.) Plaintiff Bob Sauber is the President of SP&D. (*Id.* ¶ 2.) Plaintiffs allege that Defendants have picketed SP&D with the objectives of inducing other persons to cease doing business with SP&D and of inducing neutral employees to withhold services—all in violation of Section 8(b)(4)(B) of the National Labor Relations Act, 29 U.S.C. § 185(b)(4)(B). (*Id.* ¶ 4.) In Counts II through VI, Plaintiffs allege various state law torts, and in Count VII, Plaintiffs allege a violation of the Illinois Deceptive Trade Practices Act. (*Id.* ¶¶ 7-74.)

Defendants' first amended answer generally denies the Plaintiffs' allegations and sets forth three affirmative defenses. (D.E. 4.) Defendants allege in the first affirmative defense that "[t]his court has no jurisdiction of counts II through VII in that each of these state law claims [sic] are preempted by federal labor law." (*Id.* at 23.) Defendants allege in affirmative defenses two and three, respectively, that specific statute of limitation provisions of Illinois law bar Count III, alleging defamation, and Count VI, alleging intentional infliction of emotional distress. (*Id.*)

DISCUSSION

Plaintiffs have moved to strike all of the affirmative defenses. Plaintiffs assert that the defenses are merely conclusory statements and barebones legal conclusions, unsupported by any facts or explanation, that fail to provide the Plaintiffs with sufficient notice of the bases of the various defenses. (D.E. 10 at 2-3.) In addition, Plaintiffs argue at length that—with respect to affirmative defense one, which generically alleges preemption—the Plaintiffs' state law claims are not preempted under various federal labor law preemption regimes. (*Id.* at 4-8.) The Court

agrees that affirmative defense one is inadequately pleaded but disagrees with Plaintiffs' assertions regarding affirmative defenses two and three, as further explained below.

The purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it. *See, e.g., Servpro Indus., Inc. v. Schmidt*, 905 F. Supp. 475, 482 (N.D. Ill. 1995) (collecting authorities). Rule 8(c) provides that a party must set forth affirmative defenses in a responsive pleading, and such pleadings are subject to all the pleading requirements of the Federal Rules of Civil Procedure. *See, e.g., Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). The Court may strike from any pleading any insufficient defense. *See* Fed. R. Civ. P. 12(f). Affirmative defenses must set forth a "short and plain statement" of the basis for the defense. Fed. R. Civ. P. 8(a); *accord Heller*, 883 F.2d at 1294. An allegation must include either direct or inferential allegations respecting all material elements of the defense asserted. *See, e.g., Renalds v. S.R.G. Rest. Group, LLC*, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000) (collecting authorities). Simply naming a legal theory without indicating how it is connected to the case at hand is not sufficient to withstand a motion to strike. *Id.* at 803. Courts generally disfavor motions to strike affirmative defenses because they potentially serve only to cause delay. *See Heller*, 883 F.2d at 1294.

A.  First Affirmative Defense

The first affirmative defense states that "[t]his Court has no jurisdiction of counts II through VII in that each of the state law claims [sic] are preempted by federal labor law." (D.E. 4 at 23.) Rule 8(a) requires a short and plain statement of the basis for the defense, and Defendants here do not provide one. Specifically, Defendants do not identify which federal labor law doctrine(s) preempt the Plaintiffs' state law claims or how the state law claims are preempted by

federal labor law. Affirmative defense one fails to give the Plaintiffs sufficient notice of the defense alleged and will not meaningfully provide notice concerning the preemption issue(s) for the parties going forward. This lack of clarity and notice already has bred unnecessary confusion and caused a waste of resources. Plaintiffs in their motion to strike have written at length to attempt to establish that various labor preemption doctrines (which encompass some, but not all, of the various potential preemption doctrines that might conceivably be invoked) cannot possibly preclude Plaintiffs' state law claims. Defendants do not even attempt to address these arguments. Instead, Defendants assert that preemption is a jurisdictional concept, such that Defendants can assert it at any time and that, in any event, the facts in the case may not bear out as Plaintiffs allege. Defendants' assertions may or may not be correct (the Court need not resolve those issues at this time), but that is not the point. Defendants cite no authority whatsoever for the notion that the parties should waste time and money litigating in the dark about which of the many federal labor preemption doctrines may be applicable in a case—to the detriment of the parties and the Court in terms of the meaningful framing of issues, and (as to the parties at least) at the cost of legal expenses that will be unnecessarily incurred in discovery and briefing over non-issues.

In summary, affirmative defense one is inadequately pleaded under the requirements of Rule 8. Affirmative defense one will be dismissed without prejudice to enable Defendants to correct that technical pleading deficiency, so as to provide the litigants and Court with some reasonable guidance as to which labor law preemption doctrines are potentially at play. *See, e.g., Renalds*, 119 F. Supp. 2d at 802-03 (collecting authorities).[1]

---

[1] Based on this Court's ruling regarding affirmative defense one, the Court need not address Plaintiffs' substantive labor law arguments that their claims are not preempted by various federal labor law doctrines.

4

### B. Second and Third Affirmative Defenses

Defendants allege in affirmative defense two that Plaintiffs' Count III accrued, "if ever," more than one year before the commencement of this action and further allege in affirmative defense three that Plaintiffs' Count VI accrued, "if ever," more than two years before the commencement of this action. Defendants also provide specific provisions of Illinois law that they contend support their statute of limitations defenses. These affirmative defenses are sufficiently pleaded to meet the requirements of Rule 8(a). Affirmative defenses two and three provide Plaintiffs with proper notice of the defenses alleged and the inclusion of the phrase "if ever" does not diminish the effectiveness of the pleadings. Rule 8(e)(2) provides that "[a] party may set forth two or more statements of a claim or defense alternately or hypothetically either in one count or defense or in separate counts or defenses." Defendants may deny that the alleged facts underlying the respective claims ever occurred and, alternatively, assert that even if the claims accrued, that the respective specific statutes of limitations have run on the claims. The Court denies the Plaintiffs' motion to strike affirmative defenses two and three.

### CONCLUSION

The Court grants Plaintiffs' motion to strike affirmative defense one and strikes it without prejudice. The Court denies the motion to strike affirmative defenses two and three.

Mark Filip
United States District Judge
Northern District of Illinois

Dated: 6-2-04

5